IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-75-D
No. 7:21-CV-41-D

| | | |
|---|---|---|
| RICHARD STINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 9, 2021, Richard Stinson ("Stinson" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 192-month sentence and filed a memorandum in support [D.E. 129, 129-1]. On April 19, 2021, the United States moved to dismiss Stinson's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [D.E. 133] and filed a memorandum in support [D.E. 134]. The same day, the court notified Stinson of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 135]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On May 11, 2021, Stinson responded in opposition to the United States' motion [D.E. 136]. As explained below, the court grants the government's motion to dismiss and dismisses Stinson's section 2255 motion.

I.

On July 23, 2018, pursuant to a written plea agreement, Stinson pleaded guilty to conspiracy with the intent to distribute 100 grams or more of heroin (count one), possession with the intent to distribute a quantity of heroin (count three), and possession of a firearm in furtherance of a drug-trafficking crime (count five) [D.E. 1, 47, 48]. On May 21, 2019, the court held Stinson's sentencing

hearing [D.E. 105, 108]. At the hearing, the court thoroughly considered and denied Stinson's motion to withdraw his guilty plea and motion for discovery. See Sentencing Tr. [D.E. 114] 3–19; see also [D.E. 79, 91, 98, 103]. The court also heard argument and denied Stinson credit for acceptance of responsibility. See Sentencing Tr. at 19–24. After denying Stinson credit for acceptance of responsibility, the court calculated Stinson's offense level to be 30, his criminal history category to be III and his advisory guideline range to be 121 to 151 months' imprisonment on counts one and three and 60 months' consecutive imprisonment on count five. See id. at 24. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Stinson to 132 months' imprisonment on counts one and three and 60 months' consecutive imprisonment on count five for a total term of imprisonment of 192 months. See id. at 38–44; [D.E. 108] 3. Stinson appealed. See [D.E. 110]. On July 31, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Stinson's convictions and sentence. See United States v. Stinson, 813 F. App'x 916 (4th Cir. 2020) (per curiam) (unpublished).

On March 9, 2021, Stinson moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and raised three arguments: (1) that counsel allegedly failed to argue at sentencing that Stinson's guilty plea was not knowing and voluntary because Stinson was misinformed of the maximum penalties he faced, (2) that counsel allegedly failed to argue that an ambiguity in Stinson's plea agreement required the court to give Stinson credit for acceptance of responsibility, and (3) that the government allegedly breached Stinson's plea agreement and thereby denied him due process. See [D.E. 129-1] 4. The United States moves to dismiss Stinson's motion under Rule 12(b)(6). See [D.E. 133]. Stinson opposes the motion. See [D.E. 136].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure

2

to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001).

3

"[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

A.

As for Stinson's first ineffective assistance claim, Stinson fails to plausibly allege deficient

4

performance and prejudice. Stinson argues his guilty plea was not knowing and voluntary because the court misinformed him during his plea colloquy of the maximum statutory penalty for his 18 U.S.C. § 924(c) offense. See [D.E. 129] 4; [D.E. 129-1] 1, 4–5, 13–15, 18. Stinson argues counsel performed deficiently by failing to raise this argument in support of Stinson's motion to withdraw his guilty plea, and that had counsel raised this argument, the court would have granted Stinson's motion to withdraw. See [D.E. 129-1] 18.

Stinson fails to plausibly allege deficient performance. The court properly informed Stinson of the statutory maximum penalties he faced under 18 U.S.C. § 924(c) on count five. As to that count, the court told Stinson, "If you are convicted of Count 5, the potential penalties are as follows: The <u>maximum</u> term of imprisonment is life consecutive to any other term of imprisonment. The <u>minimum</u> term of imprisonment is five years consecutive to any other term of imprisonment." Arraignment Tr. [D.E. 115] 18 (emphasis added). Under 18 U.S.C. § 924(c)(1)(A)(i), if a person possesses a firearm "in furtherance of" "any crime of violence or drug trafficking crime," the defendant shall "be sentenced to a term of imprisonment of not less than five years." 18 U.S.C. § 924(c)(1)(A)(i). The statute's plain language mandates a minimum five-year term of imprisonment and sets no maximum term of imprisonment. "The absence in a statute of a maximum penalty has been consistently interpreted to mean that the maximum authorized sentence is life imprisonment." United States v. Shifflett, 715 F. App'x 258, 260 (4th Cir. 2017) (per curiam) (unpublished); see United States v. Cristobal, 293 F.3d 134, 147 (4th Cir. 2002). Moreover, sentences imposed under 18 U.S.C. § 924(c)(1)(A)(i) must be consecutive sentences. See 18 U.S.C. § 924(c)(1)(D)(ii). Thus, on count five, the court correctly advised Stinson that he faced a minimum consecutive sentence of five years and a maximum consecutive sentence of life imprisonment.

After correctly advising Stinson about the penalties he faced on count five, the court asked

5

Stinson, "Do you understand all those potential penalties as to Counts 1, 3, 4, and 5, sir?" Arraignment Tr. at 18. Stinson replied, "Yes." Id. Stinson's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Thus, Stinson pleaded guilty with a correct understanding of the statutory penalties he faced on count five.

Counsel did not perform deficiently by failing to make the baseless objection that, before pleading guilty, Stinson did not know the statutory penalties for count five. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 124–28 (2009); Strickland, 466 U.S. at 687–91; United States v. Surginer, 64 F.3d 661, 1995 WL 494914, at *2 (4th Cir. 1995) (per curiam) (unpublished table decision). Moreover, even if not baseless, counsel need not "raise every available nonfrivolous" argument to provide effective representation. See, e.g., Knowles, 556 U.S. at 126–27. Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Thus, Stinson fails to allege deficient performance.

Alternatively, Stinson fails to plausibly allege prejudice. Specifically, Stinson fails to plausibly allege that objecting that the court supposedly misinformed Stinson of the maximum statutory penalty he faced on count five would have resulted in the court granting his motion to withdraw his guilty plea. At Stinson's sentencing hearing, the court conducted an in camera review of evidence supporting Stinson's guilt and considered whether Stinson's guilty plea was knowing and voluntary, whether Stinson credibly asserted his innocence, whether Stinson delayed in moving to withdraw his guilty plea, whether Stinson had the close assistance of competent counsel, whether withdrawal would prejudice the government, and whether withdrawal would inconvenience the court and waste judicial resources. See Sentencing Tr. at 13–18; see also United States v. Moore, 931 F.2d

6

245, 248 (4th Cir. 1991). After considering the record and the governing law, the court denied Stinson's motion to withdraw his guilty plea. See Sentencing Tr. at 18. On this record, Stinson does not plausibly allege the court would have granted his motion to withdraw his guilty plea had counsel argued Stinson was misinformed of the penalties he faced. Stated differently, Stinson has not plausibly alleged "that, but for counsel's [alleged] unprofessional error, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Accordingly, Stinson's first claim fails.

B.

As for Stinson's second ineffective assistance claim, Stinson fails to plausibly allege deficient performance and prejudice. Stinson argues counsel failed to argue at his sentencing hearing that an ambiguity in Stinson's plea agreement required the court to give Stinson a 3-level reduction for acceptance of responsibility. See [D.E. 129-1] 4, 6–11. Stinson argues that had counsel noted the alleged ambiguity in the plea agreement, the court would have given Stinson a 3-level reduction for acceptance of responsibility. See id.

Stinson fails to plausibly allege deficient performance. In Stinson's plea agreement, Stinson and the United States stipulated under Fed. R. Crim. P. 11(c)(1)(B) to recommend a 2-level or 3-level downward adjustment for acceptance of responsibility. See [D.E. 48] 8. Two limitations qualified that stipulation. First, the plea agreement stated that the stipulation was "not binding on the Court in the application of the advisory Guideline range." [D.E. 48] 7; see Fed. R. Crim. P. 11(c)(1)(B). Second, the plea agreement stated the United States would not be bound by the stipulation "if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors." [D.E. 48] 7. Stinson argues the word "conduct" is ambiguous and thus makes that

7

clause unenforceable. See [D.E. 129] 6–8.

The word "conduct" in Stinson's plea agreement is not ambiguous. The word "conduct" refers to behavior relevant to the sentencing factors about which the parties were making a stipulation. Here, the relevant stipulation concerned whether Stinson qualified for an offense-level reduction for acceptance of responsibility. Thus, the relevant "conduct" for purposes of deciding whether the United States remained bound to recommend such a reduction is conduct indicating whether "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). That conduct is important because "a defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1 cmt. n.3; United States v. Perrin, 551 F. App'x 694, 697 (4th Cir. 2014) (per curiam) (unpublished). To determine whether a defendant "clearly" demonstrates acceptance of responsibility, "the sentencing judge must weigh the totality of the circumstances," using the factors in Application Note 1 as a guide. United States v. Harris, 890 F.3d 480, 488 (4th Cir. 2018). Thus, the word "conduct" in the plea agreement encompasses the totality of the circumstances under the Application Note 1 factors. Application Note 1 states, in relevant part, "A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.1(A).

At sentencing, the court relieved the government of its burden to recommend a downward adjustment for acceptance of responsibility and found that Stinson should not receive credit for acceptance of responsibility. Specifically, the court found that Stinson, in a pro se filing concerning his motion to withdraw his guilty plea and motion for discovery, frivolously argued that law enforcement fabricated certain evidence against Stinson in support of a search warrant. See Sentencing Tr. at 23–24. Stinson now contends he did not make such an argument. See [D.E. 129-

8

1] 9 ("Not once in that entire letter or in a proceeding did Mr. Stinson contest the accuracy of the Government's version.").

Stinson's contention contradicts reality. In a pro se filing regarding his motion to withdraw his guilty plea and motion for discovery, Stinson wrote about a controlled buy law enforcement conducted: "I don't believe this controlled buy or informant exist[s]. I believe this controlled buy is a lie made up to secure the warrant by the investigating officers. . . . Again, I don't believe this buy exist[s]." [D.E. 103] 7. Stinson also stated he "doubt[ed]" the existence of Text-A-Tip information law enforcement received. See id. at 8. Stinson also stated he did not "believe [the] Rebecca Holland buy exist[ed] or that [the] Lancaster buy was conducted with the proper authorization which makes them both illegal, the search warrant is invalid." Id. at 10.

At Stinson's sentencing, the government proffered a videotape of the controlled buy and a copy of the Text-A-Tip information for the court to review in camera. See Sentencing Tr. at 5–9. The court conducted an in camera review and found them valid and credible. See id. at 12–13. Moreover, the court accepted the government's valid explanation for why it did not disclose these pieces of evidence to Stinson during discovery. See id. at 6–8. Stinson's assertions were frivolous, especially given Stinson had already admitted under oath to committing the crimes with which he was charged. The court found Stinson's frivolous assertions were inconsistent with acceptance of responsibility. Thus, the court did not give Stinson credit for acceptance of responsibility.

Objecting to the supposed ambiguity of the word "conduct" would have been baseless. In the context of the plea agreement and the relevant sentencing factors, the word "conduct" is unambiguous. Counsel did not perform deficiently by failing to make a baseless argument. See, e.g., Knowles, 556 U.S. at 124–28; Strickland, 466 U.S. at 687–91; Surginer, 1995 WL 494914, at *2. Instead, counsel argued Stinson's motion to withdraw and motion for discovery were motivated

9

primarily by his desire to view certain discovery he thought the government improperly withheld. See Sentencing Tr. at 21–22. Consistent with Stinson's section 2255 motion, counsel accurately presented the thought process and motivations behind Stinson's motions. See [D.E. 129-1] 8–11. Thus, counsel performed reasonably by making arguments to the court consistent with Stinson's view of his case and the evidence.

Alternatively, Stinson has not plausibly alleged prejudice. Specifically, Stinson has not plausibly alleged that if counsel raised an argument about the supposed ambiguity of the word "conduct" that the result of the proceeding would have been different. See Strickland, 466 U.S. at 694; Lee, 137 S. Ct. at 1967–69; Hill v. Lockhart, 474 U.S. 52, 59 (1985). Even if the word "conduct" was ambiguous, the court was not required to accept the parties stipulation as to Stinson's acceptance of responsibility. See [D.E. 48] 7–8; Fed. R. Crim. P. 11(c)(1)(B); United States v. Dawson, 587 F.3d 640, 642 (4th Cir. 2009). Moreover, the court's analysis of Stinson's conduct "is entitled to great deference" because of the sentencing judge's "unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.5. Based on its own review of the record, the government's in camera evidence, and Stinson's filings, the court found Stinson's meritless assertions that the government fabricated evidence were inconsistent with acceptance of responsibility. See [D.E. 129-1] 13, 19–24. Thus, Stinson does not plausibly allege the outcome of the proceeding would have been different.

Alternatively, Stinson's arguments concerning the court's decision not to give Stinson credit for acceptance of responsibility challenge the court's calculation of Stinson's advisory guideline range. Such an argument is not cognizable in a section 2255 motion. See United States v. Foote, 784 F.3d 931, 935–36, 939–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing

10

Guidelines cannot be raised in a § 2255 proceeding."). And even if the court miscalculated Stinson's advisory guideline range, the court would have imposed the same sentence as an alternative variant sentence. See Sentencing Tr. at 43; United States v. Gomez-Jimenez, 750 F.3d 370 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156 (4th Cir. 2012). Accordingly, Stinson's argument fails.

C.

Finally, Stinson argues the government breached Stinson's plea agreement and denied Stinson due process by asking the court not to give Stinson a reduction for acceptance of responsibility. See [D.E. 129] 5; [D.E. 129-1] 4, 11–12. Stinson did not raise the government's alleged breach of Stinson's plea agreement on direct appeal. See Stinson, 813 F. App'x at 917–18.

Because Stinson failed to raise this argument on direct appeal, the general rule of procedural default bars Stinson from presenting that claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621–22 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); Sanders, 247 F.3d at 144. Furthermore, Stinson has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains, especially in light of the court's alternative variant sentence. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

D.

After reviewing the claims presented in Stinson's motion, the court finds that reasonable jurists would not find the court's treatment of Stinson's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a

11

Case 7:18-cr-00075-D   Document 138   Filed 12/20/21   Page 11 of 12

certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 133], DISMISSES petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 129], and DENIES a certificate of appealability.

SO ORDERED. This 20 day of December, 2021.

JAMES C. DEVER III
United States District Judge